**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENYATA MCKEE, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
|     v. | ) |
| | ) |
| NOCONTRACT CORP., | )  Case No. _____ |
| d/b/a 49 W. 79TH ST. BOOST MOBILE; | ) |
| NOCONTRACT GROUP INC.; | )  **JURY TRIAL DEMANDED** |
| MICHAEL DONALDSON; | ) |
| and SPRINT CORPORATION, | ) |
| d/b/a BOOST MOBILE, | ) |
| | ) |
|     *Defendants.* | ) |

## COMPLAINT

The plaintiff, Kenyata McKee, by her attorney, files the following Complaint against

defendants Nocontract Corp., d/b/a 49 W. 79th St. Boost Mobile (or its corporate successor);

Nocontract Group Inc.; Michael Donaldson; and Sprint Corporation, d/b/a Boost Mobile,

pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e, *et seq.*,

and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, for sex harassment, the

imposition of a hostile work environment, race discrimination, and retaliation for engaging in

protected activity.

## THE PARTIES

1. Defendant Nocontract Corp., d/b/a 49 W. 79th St. Boost Mobile, or its corporate

successor ("Nocontract Corp."), is an Illinois corporation with its headquarters in Elk Grove

Village, IL. It is a Boost Mobile retailer and/or reseller and/or affiliate and/or dealer and/or

franchisee.

2.      Defendant Nocontract Group Inc. ("Nocontract Group") is an Illinois corporation with its headquarters in Elk Grove Village, IL. It is a Boost Mobile retailer and/or reseller and/or affiliate and/.or dealer and/or franchisee.

3.      Defendant Stephen Donaldson, a white male, is or was an owner of Nocontract Corp. and/or Nocontract Group and is a resident of Cook County, IL.

4.      Defendant Sprint Corporation, d/b/a Boost Mobile ("Sprint"), is a Delaware corporation with its headquarters in Overland Park, Kansas. Boost Mobile is a d/b/a and/or a retail brand and/or a subsidiary of Sprint. Sprint entered into an agreement with Nocontract Corp., Nocontract Group, and/or Donaldson whereby those defendants, or some of them, sold Sprint products under the name Boost Mobile at the defendants' location at 49 W. 79th Street, Chicago, IL.

5.      The plaintiff, Kenyata McKee, an African-American female, was employed as a Sales Representative and a Sales Manager by Nocontract Corp. and/or Nocontract Group and/or Stephen Donaldson at defendants' location at 49 W. 79th Street, Chicago, IL from September 1, 2013 until she was unlawfully terminated on October 21, 2014. She is a resident of Chicago, IL.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.      The Northern District of Illinois has personal jurisdiction over the defendants because they reside in and/or do business in this District.

9. Ms. McKee has satisfied the administrative requirements for filing her Title VII claims. She timely filed an EEOC charge (No. 440-2015-03785) on April 2, 2015 and received a Notice of Right to Sue from the EEOC dated October 20, 2016 (**Exhibit A**).

10. This Complaint is timely filed within 90 days of the plaintiff's receipt of the Notice of Right to Sue.

## FACTUAL BASIS OF CLAIMS

11. Ms. McKee, an African-American female who is 29 years old, was employed as a Sales Representative and Sales Manager at Mr. Donaldson's Boost Mobile store at 49 W. 79th Street in Chicago from September 1, 2013 to October 21, 2014.

12. Ms. McKee performed her duties satisfactorily throughout her employment.

13. Mr. Donaldson, who is white, sexually harassed Ms. McKee throughout her employment.

14. For example, he suggested multiple times that she have sex with him, sent her suggestive text messages, offered to buy her presents in exchange for a sexual relationship, made comments about her body to her and to male customers while she was working, and bragged to her about having sex with other African-American store employees and women who lived in the neighborhood in which the store was located.

15. On one occasion, Mr. Donaldson asked Ms. McKee while she was working how much she charged to have sex. Later that night, he sent Ms. McKee a text message repeating the question and offering her $2,000 to have sex with him, stating "imma crack my piggy bank."

16. On another occasion, Mr. Donaldson sent Ms. McKee a text message asking for a picture of her in the shower. On yet another occasion, Mr. Donaldson sent Ms. McKee a text

message saying "I'll hit that" in response to a picture of her dressed to go out to meet a group of coworkers for dinner.

17. Mr. Donaldson engaged in a pattern of pressuring his young, female, mostly-African-American store employees to have sexual relationships with him, often firing them shortly afterward if they complied. He repeated this pattern on at least three occasions that Ms. McKee is aware of during the time she worked for him.

18. Mr. Donaldson also encouraged male store customers to sexually harass Ms. McKee by making comments about her body and alleged sexual history to them while she was working nearby. Male store customers participated in harassing Ms. McKee on several occasions as Mr. Donaldson listened, participated, and egged them on. Once, tired of being harassed by customers, Ms. McKee put up a sign in the store prohibiting customers who were not transacting business from loitering. Mr. Donaldson ripped it down when he saw it.

19. Mr. Donaldson also targeted Ms. McKee because of her race. He singled her out for harassment in conjunction with his pattern of choosing young, African-American females to hire, then "groom" for sexual relationships, based, in part, on their race.

20. Ms. McKee refused all of Mr. Donaldson's advances and told him to stop harassing her on numerous occasions.

21. In retaliation, in early October 2014, Mr. Donaldson told Ms. McKee he thought she was making "errors" in her work, and he deducted an amount representing the supposed shortfall from her check. When Ms. McKee asked to see proof of the errors, she was sent an invoice from a transaction performed by some other employee, not Ms. McKee.

22. On October 21, 2014, Ms. McKee attempted to complain to a Boost Mobile representative about Mr. Donaldson's treatment. Instead of helping her, the Boost Mobile representative told her to have coffee with Mr. Donaldson and work it out.

23. That same day, Mr. Donaldson fired her in retaliation for her complaints and for her refusal to engage in a sexual relationship with him.

24. Defendant Sprint had control over a portion of the policies and practices that led to the violations alleged above to be vicariously liable to the plaintiff. For example, Sprint provided services to the other defendants that include, among other things, oversight of training and support for their employees, including the plaintiff.

**FIRST CLAIM FOR RELIEF**
**Sex harassment, discrimination, and imposition**
**of a hostile work environment in violation of**
**Title VII of the Civil Rights Act of 1964,**
*as amended***, 42 U.S.C. §§ 2000e,** *et seq***.**

*Against Nocontract Corp., Nocontract Group, and Sprint*

25. Ms. McKee realleges each of the paragraphs set forth above.

26. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits or privileges of employment based on their sex or gender, whether intentionally or unintentionally.

27. Title VII also prohibits harassment of a person because of that person's sex that is severe or frequent enough to create a hostile work environment.

28. The defendants, except Sprint, are "employers" within the meaning of Title VII, and Ms. McKee is an "employee" within the meaning of Title VII.

29.     As alleged above, defendant Sprint had sufficient control over the policies and practices that led to the violations alleged above to be vicariously liable to the plaintiff.

30.     As alleged above, the defendants denied Ms. McKee the equal terms, conditions, benefits or privileges of employment because of her sex or gender.

31.     As alleged above, the defendants allowed Ms. McKee to be sexually harassed and allowed a hostile work environment to be created and perpetuated.

32.     Ms. McKee's sex or gender were motivating factors in the defendants' conduct towards her.

33.     The defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to Ms. McKee's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct.

34.     Ms. McKee was damaged by the defendants' conduct.

**SECOND CLAIM FOR RELIEF**
**Retaliation in violation of the**
**Title VII of the Civil Rights Act of 1964,**
*as amended*, **42 U.S.C. §§ 2000e**, *et seq*.

*Against Nocontract Corp., Nocontract Group, and Sprint*

35.     Ms. McKee realleges each of the paragraphs set forth above.

36.     Title VII prohibits employers from retaliating against anyone who engages in protected activity, including by opposing conduct reasonably believed to be unlawful under Title VII or by participating in an employer's internal investigation into allegations of conduct reasonably believed to be unlawful under Title VII.

37.     Ms. McKee engaged in protected activity by opposing conduct by the defendants that she reasonably believed was unlawful under Title VII.

38.     As described above, the defendants retaliated against Ms. McKee for engaging in protected activity, including terminating her unlawfully.

39.     As alleged above, defendant Sprint had sufficient control over the policies and practices that led to the violations alleged above to be vicariously liable to the plaintiff.

40.     The defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to Ms. McKee's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by the defendants.

41.     Ms. McKee was damaged by the defendants' conduct.

**THIRD CLAIM FOR RELIEF**
**Race discrimination in violation of**
**Title VII of the Civil Rights Act of 1964,**
*as amended*, **42 U.S.C. §§ 2000e,** *et seq.*

*Against Nocontract Corp., Nocontract Group, and Sprint*

42.     The plaintiff realleges each of the paragraphs set forth above.

43.     Title VII prohibits employers from denying employees equal employment opportunities with respect to terms, conditions, benefits or privileges of employment based on their race, including with respect to performance evaluations, compensation, discipline, and promotional opportunities.

44.     Title VII also prohibits employers from classifying or segregating employees because of race, either intentionally or unintentionally, and either by way of either disparate treatment or practices that create a disparate impact.

45.     The defendants, except Sprint, are "employers" within the meaning of Title VII, and the plaintiff is an "employee" within the meaning of Title VII.

46.     As alleged above, defendant Sprint had sufficient control over the policies and practices that led to the violations alleged above to be vicariously liable to the plaintiff.

47. As detailed above, the defendants denied the plaintiff the equal terms, conditions, benefits or privileges of employment because of her race.

48. As detailed above, the plaintiff's race was a motivating factor in the defendants' conduct towards her.

49. The defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct

50. The plaintiff was damaged by the defendants' conduct.

**FOURTH CLAIM FOR RELIEF**
**Race discrimination in violation of**
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981**

*Against all defendants*

51. The plaintiff realleges each of the paragraphs set forth above.

52. Section 1981 of the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981 ("Section 1981"), prohibits employers from subjecting their employees to discrimination with respect to terms, conditions, benefits or privileges of employment based on race, including with respect to performance evaluations, compensation, discipline, and promotional opportunities.

53. Section 1981 also grants all persons within the jurisdiction of the United States the same rights to make and enforce contracts and to the full and equal benefits of the law as is enjoyed by white citizens.

54. The defendants denied the plaintiff the equal terms, conditions, benefits or privileges of employment because of her race.

55. As alleged above, defendant Sprint had sufficient control over the policies and practices that led to the violations alleged above to be vicariously liable to the plaintiff.

8

56. The plaintiff's race was a motivating factor for the defendants' conduct towards her.

57. The defendants' actions were willful, intentional and/or done maliciously or with callous disregard or reckless indifference to the plaintiff's federally protected rights. Exemplary damages are warranted to prevent similar unlawful conduct by the defendants.

58. The plaintiff was damaged by the defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, Kenyata McKee, prays for relief from all defendants as to all counts of her Complaint as follows:

A. An order declaring that the defendants violated Title VII and Section 1981;

B. An order enjoining future such violations;

C. Reinstatement to the position that Ms. McKee would have had but for the illegal conduct;

D. Payment of Ms. McKee's lost past and future wages and benefits (including any and all types of compensation and benefits);

E. Compensatory damages, emotional and mental distress damages, punitive damages, statutory damages, liquidated damages, and civil penalties;

F. Payment of Ms. McKee's attorneys' fees and all costs of litigation (including statutory fees and expert witness fees);

G. Pre-and post-judgment interest; and

H. All other and relief, whether legal or equitable, that the Court may deem appropriate.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues raised in the foregoing Complaint.

Respectfully submitted,                    Jamie S. Franklin

                                           /s/ Jamie S. Franklin
                                           Jamie S. Franklin

Jamie S. Franklin, ARDC No. 6242916
THE FRANKLIN LAW FIRM LLC
53 W. Jackson Blvd., Ste. 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

Electronically filed on January 16, 2017

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

EXHIBIT A

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Kenyata McKee**<br>**c/o Jamie Franklin**<br>**THE FRANKLIN LAW FIRM LLC**<br>**53 West Jackson Blvd**<br>**Suite 803**<br>**Chicago, IL 60604** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

| | |
|---|---|
| [ ] | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2015-03785** | **Alison Fisher,**<br>**Investigator** | **(312) 869-8147** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

---

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman*      10/20/16

Enclosures(s)            **Julianne Bowman,**      *(Date Mailed)*
                               **District Director**

cc:    **Kurt Meihofer**<br>**NO CONTRACT CORP**<br>**c/o Kurt Meihofer**<br>**Attorney**<br>**5413 Walnut Ave., Suite 1B**<br>**Downers Grove, IL 60515**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 440-2015-63785 |

Illinois Department of Human Rights, Chicago Commission on Human Rights and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kenyata McKee | 773-829-6500 | 11/14/87 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 50 W. 71st Street | Chicago, IL 60621 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Nocontract Corp. | 15+ Employees | 773-888-3336 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 49 W. 79th Street | Chicago, IL 60620 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Boost Mobile | 500+ | 866-402-7366 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| P.O. Box 4600 | Reston, VA 20195 | |

RECEIVED EEOC
APR 09 2015
CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☒ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Sept. 2013    Latest: Jan. 2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I am an African-American female. I began working for Respondent Nocontract Corp., a Boost Mobile store, in September 2013.

During my employment, I was harassed and discriminated against and subjected to a hostile work environment on account of my sex, race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended. My manager and the owner of Nocontract Corp., Michael Donaldson, engaged in a constant campaign of sexual and racial harassment against both me and other female, minority employees.

Furthermore, when I complained, I was retaliated against for engaging in protected activity, including being unlawfully terminated on October 21, 2014. After my termination, Mr. Donaldson continued to harass me. I bring this charge on behalf of myself and all others similarly situated.

| I want this charge filed with both the EEOC and the State or Local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| 03·31·2015   *Kenyata McKee* | *Kenyata McKee* |
| Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |